IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY STRONG

    Plaintiff,

v.

COUNTRYWIDE HOME
LOANS, INC. ET AL.,

    Defendants.

Case No. 6:15-cv-01536-MC (Lead Case)
Case No. 6:15-cv-1966-MC (Trailing Case)

OPINION AND ORDER

MCSHANE, Judge:

Defendants move to dismiss plaintiff's amended complaint. For the reasons below, defendants' motion is GRANTED.[1]

## STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the supporting factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678. In the case of *pro se* litigants a court reviews the pleadings with a less stringent standard than those drafted by lawyers; the court views the complaint liberally but will not supplant vague and conclusory allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

---

[1] Because this Court dismisses plaintiff's federal claims, this Court also dismisses the remaining state law claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

1 – OPINION AND ORDER

## BACKGROUND

On July 14, 2015, plaintiff, appearing *pro se*, filed ten causes of action in Deschutes County, Oregon, against defendants relating to the March 2007 refinancing of her home under the Countrywide mortgage. See generally Pl. Compl. 1-13, ECF No. 2. Defendants removed the case to federal court because the action included claims under the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). *Id.* On May 26, 2015, defendant filed a motion to dismiss the complaint. *See* Fed. R. Civ. P. 12(b)(6). On October 1, 2015, after hearing oral argument, this Court orally granted defendant's motion, but provided plaintiff leave to amend her complaint with specific instructions to write in plain English and allege in detail the specific actions defendants took pertaining to the Countrywide mortgage.

Plaintiff filed an amended complaint on October 12, 2015, which largely mirrored her previous complaint regarding the Countrywide mortgage. On October 16, 2015, plaintiff filed a new complaint against additional defendants relating to an April 2007 mortgage on her home (GMAC Mortgage). This Court merged the two cases under its own authority. *See Strong v. GMAC Mortgage*, LLC et al., 6:15-CV-01966-MC, ECF No. 8.

Defendants now move to dismiss, alleging that the amended complaint remains factually inadequate to support a claim and that all federal claims are time barred. *See* Def. Mot. Dismiss, ECF No. 36. Plaintiff's response is unresponsive to defendant's arguments. *See* Pl. Resp. Mot. Dismiss, ECF No. 37. Plaintiff also filed an additional response, which argues that her claims are not time barred because she had no knowledge of defendant's actions. *See* Pl. Resp. Opp'n. Mot., ECF No. 39.

## DISCUSSION

I.  **Failure to Comply with the Applicable Statute of Limitations and Failure to Plead Sufficient Facts**

The TILA provides for a one-year statute of limitations from the date of a violation occurred, and a three-year statute of limitations for violations of 15 U.S.C. §§ 1639, 1639B, 1639C. TILA statute of limitation periods run from the date of transaction consummation. *See e.g., King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff signed the underlying refinance notes for the Countrywide and GMAC Mortgages in 2007. The statute of limitations for any alleged violations under TILA has therefore run.

RESPA provides a one-year statute of limitations for violations under 12 U.S.C. §§ 2607 and 2608, and a three-year limitation on § 2605 violations. Like TILA, RESPA violations generally occur at the time of consummation of the transaction. *See e.g., Drennan v. PNC Bank, NA*, 622 F.3d 275, 281 (3rd Cir. 2010); *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359–60 (5th Cir. 2003).

RESPA prohibits giving or accepting portions of any mortgage-related charge made or received other than for services actually performed. *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 553–54 (9th Cir. 2010). Plaintiff alleges RESPA violations based upon fees distributed between Defendants. *See* Pl. Amend. Compl. at 19–20. Plaintiff has not provided any information indicating what or when fees were illegally distributed. However, as to the Countrywide mortgage, the last transfer of the deed of trust occurred in 2011. *See* Laurick Decl. Ex. 4. The last action regarding any interest in Plaintiff's property appears to have occurred in March 2012, when foreclosure was attempted, or as late as July 18, 2012, when the notice of

default was rescinded.[2] *See id.* at Ex. 6. Because any alleged violation would have occurred prior to three years from the time of Plaintiff's filings in the instant action, the applicable statute of limitations bars her claims.

Finally, both TILA and RESPA are subject to equitable tolling, which suspends the limitations period until the point in which the borrower discovered or had a reasonable opportunity to discover the violations. *See id*; *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1036 (9th Cir. 2014). Here, equitable tolling is not appropriate. A party seeking equitable tolling must establish: 1) a diligent pursuit of their rights; and 2) "some extraordinary circumstance that stood in [their] way." *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). While providing evidence of defendant's general wrongdoing nationwide and correspondences between the parties relating to loan modification, Plaintiff has shown neither a diligent pursuit of her TILA and RESPA rights nor extraordinary circumstance. *See Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003–05 (9th Cir. 2006) (finding equitable tolling not applicable when the plaintiff held all information required to bring their claims earlier and the alleged actions of the defendant were not "unusual," or "special").

Setting aside the limitations period on her claims, Plaintiff has failed to plead sufficient facts beyond a formulaic recitation of the legal elements of her claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For example, relating to the TILA claims, plaintiff does not describe with any detail what disclosures were not provided or how they differ from the statutory requirements. *See* Pl. Amend. Compl. at 18–19. Instead, plaintiff generally alleges "Defendants violated TILA/HOEPA by failing to provide Plaintiff with accurate material disclosures required under

---

[2] Plaintiff provides an exhibit to the GMAC Mortgage complaint identifying two assignments of the Deed of Trust, recorded on May 7, 2015, and a notice of default, recorded on August 11, 2015. *See* Pl. GMAT Compl. Ex. 8. However, the Deed of Trust was not transferred to a defendant, indicating that any alleged fee sharing between defendants did not occur on this date.

4 – OPINION AND ORDER

TILA/HOEPA...." *Id.* at 18. Regarding RESPA, plaintiff alleges that HUD policy establishes a two-part test for determining the legality of lender payments to mortgage brokers under RESPA. *Id.* at 19. Further, plaintiff alleges a failure to disclose that, "[Defendants] will gain a financial benefit while Plaintiff suffer[s] financially as a result of the loan product sold to Plaintiff." *Id.* Plaintiff then alleges, "the payments between Defendants were misleading and designed to create a windfall." *Id.* at 19–20. These allegations fail to plead any particularized wrongdoing that would provide notice as to what disclosures were deficient or what fee distributions were illegal. For the above reasons, Plaintiff's TILA/HOEPA and RESPA claims are dismissed with prejudice as to both moving and non-moving defendants, save for GMAC Mortgage LLC and Residential Asset Mortgage Products, Inc., for the reasons discussed below.[3]

II.     **Lack of Subject Matter Jurisdiction and Remand of State Law Claims**

Defendants in the Lead Case removed this action based upon federal question jurisdiction, which is no longer present based on the Court's dismissal of Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over the residual state law claims. *See Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003) (court has discretion to retain state law claims under supplemental jurisdiction where removal was proper but the federal question claims are defeated on the merits). Plaintiff's state law claims against all defendants in the Lead Case and Member Case are dismissed with leave to refile in state court.

III.    **Bankruptcy Stay as to GMAC Mortgage and Residential Asset Mortgage Products**

On November 6, 2015, GMAC Mortgage, LLC, also named by Plaintiff in the Member Case caption as Residential Asset Mortgage Products, Inc., filed a Notice of Bankruptcy Status

---

[3] Defendants in the Member Case, *Strong v. GMAC Mortgage*, LLC et al., 6:15-CV-01966-MC, did not separately move to dismiss. Consistent with the court's reasoning for consolidation and the reasons contained within this opinion and order, Plaintiff's claims against the non-moving defendants are dismissed.

5 – OPINION AND ORDER

with this court. *See* 6:15-cv-1966-MC, ECF No. 15. Due to pending bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York, any action as to those parties must be placed under an automatic stay. 11 U.S.C. § 362(a)(1). Accordingly, the above dismissal as to all other named defendants does not extend to GMAC Mortgage, LLC or Residential Asset Mortgage Products, Inc., and Plaintiff's action against those parties is stayed pending update in bankruptcy status.

Those parties are ordered to notify this court within thirty days of the conclusion of their bankruptcy proceedings or, alternatively, if the Bankruptcy Court grants them limited relief from the automatic stay requirements of 11 U.S.C. § 362.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED. Plaintiff's outstanding motions are DENIED as moot. Plaintiff's claims are dismissed as to all defendants in both the Lead and Member Cases save for GMAC Mortgage, LLC and Residential Asset Mortgage Products, Inc. The action as to those two defendants is stayed pending bankruptcy proceedings.

IT IS SO ORDERED.

Dated this 13 day of November,

                                          **Michael McShane**
                                  **United States District Judge**